900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Charles BLOW, Defendant-Appellant.
 No. 89-5626.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: March 30, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-88-100-N)
 Martin Bullock, Melvin & Bullock, Portsmouth, Va., for appellant.
 Henry E. Hudson, United States Attorney, Charles D. Griffith, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Antonio Charles Blow appeals from his convictions after a jury trial on one count of possessing heroin with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of using a communication facility to facilitate his possession of heroin with intent to distribute, in violation of 21 U.S.C. Sec. 843(b). Finding no error, we affirm.
 
 
 2
 * At trial, appellant relied upon an entrapment defense based on his relationship with Officer Patricia Ann Larson, a patrol officer with the Portsmouth, Virginia, Police Department who was assigned to his investigation. Testifying on his own behalf, appellant admitted knowing that Larson was a police officer and admitted committing the offenses charged, but maintained that he committed them only after intense pressure from Larson, with whom he had fallen in love and was having sexual relations. Officer Larson also testified and repeatedly denied any sexual involvement with appellant. During the direct examination of Officer Robert L. Smith, Jr., another member of the Portsmouth Police Department, appellant offered to introduce for impeachment purposes a tape recording of a discussion between Officer Smith and Officer Larson, in which Larson discussed, among other things, her relationship with appellant. The court denied the motion, ruling that the bulk of the tape recording was irrelevant.
 
 
 3
 At the close of trial, appellant was convicted on both charges. He received a three-hundred-month sentence on the Sec. 841(a)(1) count and a concurrent thirty-month sentence on the Sec. 843(b) count. He also received fines totaling $19,900.00 and was assessed $100.00. This appeal followed.
 
 II
 
 4
 Appellant raises three arguments. First, he contends that the trial court erred in excluding the tape recording. Second, he maintains that the government's conduct during his investigation was so outrageous that his convictions violate due process. Finally, he contests the sufficiency of the evidence of his guilt. We address these arguments in turn.
 
 
 5
 A trial court has broad discretion in ruling on the relevancy and admissibility of evidence and this court will not disturb that discretion unless it has been clearly abused. United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985). No abuse is present here. In ruling that the tape recording was inadmissible, the trial court reviewed a transcript of the recording and conducted a voir dire of Officer Smith. Our review of the transcript leads us to agree with the lower court that the bulk of the tape was irrelevant. Furthermore, as the district court noted, the substance of the discussion concerning Officer Larson's relationship with appellant was accurately presented to the jury through Officer Smith's direct examination. Thus, any possible prejudice to appellant from the exclusion of the tape was greatly mitigated. Regardless, we find no error in the tape's exclusion.
 
 III
 
 6
 Appellant also contends that the government's use of the "intense" sexual relationship between him and Officer Larson to pressure him into the commission of these crimes is the type of outrageous government conduct that the court in United States v. Russell, 411 U.S. 423 (1973), would find to be a denial of due process. We disagree.
 
 
 7
 In Russell, the Supreme Court recognized that due process places an outer limit on the bounds of police investigations:
 
 
 8
 [W]e may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, cf. Rochin v. California, 342 U.S. 165 (1952)....
 
 
 9
 Id. at 431-32.
 
 
 10
 This due process argument is distinct from the traditional defense of entrapment because it does not focus on the predisposition of the defendant. Rather, this doctrine focuses on the means employed in a police investigation and precludes conviction only when those means offend "fundamental fairness" or are "shocking to the universal sense of justice." Id. at 432.
 
 
 11
 Appellant's argument on this point rests entirely on his hotly-contested claim of a sexual relationship with Officer Larson. Even if such a relationship did exist, that by itself, would be insufficient under Russell to violate due process. See United States v. Miller, 891 F.2d 1265, 1268 (7th Cir.1989) (facts that government informant had a sexual relationship with the defendant, used cocaine during her government employment, and worked on a contingency fee basis do not state a per se due process violation). Consequently, the Fifth Amendment does not preclude these convictions.
 
 IV
 
 12
 Finally, appellant contests the sufficiency of the evidence of his guilt. We, of course, must affirm these convictions if the evidence was sufficient to allow any rational trier of fact to find appellant guilty. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Officer Larson's repeated denials of a sexual relationship between her and appellant provided more than sufficient evidence for the jury to find that appellant was not pressured into committing these crimes. Therefore, the lower court properly denied appellant's motion for acquittal.
 
 V
 
 13
 In sum, appellant's convictions are, in all respects, affirmed.
 
 AFFIRMED